[764 NYS2d 653]

In the Matter of ROBERT J. KASCHAK (Admitted as ROBERT JOHN KASCHAK), an Attorney, Resignor.

Second Department, September 15, 2003

### APPEARANCES OF COUNSEL

*Robert J. Kaschak*, Mineola, resignor pro se.

*Robert P. Guido*, Syosset (*Nancy A. Bolger* of counsel), for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Robert J. Kaschak has submitted an affidavit dated May 2,

2003, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Kaschak was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 24, 1971, under the name Robert John Kaschak.

Mr. Kaschak acknowledges that he is the subject of an ongoing investigation and that charges emanating therefrom would be prosecuted in a disciplinary proceeding to be recommended by the Grievance Committee to the Appellate Division. Mr. Kaschak further acknowledges that he would be the subject of charges alleging that from approximately June 2002 through July 2002 he was entrusted with client funds, which were to be held in escrow. During that time, Mr. Kaschak concededly failed in his obligation to properly maintain and preserve at least $10,000 of those escrow funds.

Mr. Kaschak avers that his resignation is freely and voluntarily tendered and that he is not being subject to coercion or duress by anyone. He has discussed his decision to resign with his attorney, Ernest Peace, as well as with others whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including the fact that he is barred by the Judiciary Law § 90 and the rules of the Second Department from seeking reinstatement for at least seven years.

Mr. Kaschak's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges the Court to accept the resignation tendered by Mr. Kaschak.

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted, and, effective immediately, Mr. Kaschak is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, FLORIO and S. MILLER, JJ., concur.

Ordered that the resignation of Robert J. Kaschak is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert J. Kaschak is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Robert J. Kaschak shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert J. Kaschak is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.